**FILED**
**Apr 03, 2023**
**12:01 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| JANICE BOGARD,<br>　　　　Employee, | ) | Docket No.: 2022-08-1007 |
| v. | ) | |
| FEDERAL EXPRESS CORP.,<br>　　　　Employer, | ) | State File No.: 60211-2022 |
| And | ) | |
| INDEMNITY INSURANCE<br>COMPANY OF NORTH AMERICA,<br>　　　　Carrier. | ) | Judge Shaterra R. Marion |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

In a March 27, 2023 expedited hearing, Ms. Bogard requested medical and temporary disability benefits for alleged right ankle and foot injuries. Federal Express disputed compensability. Because Ms. Bogard did not identify a work-related incident or set of incidents to her *right* foot and ankle, the Court holds that she is unlikely to prevail at a final hearing on the compensability of her claim.

### History of Claim

Ms. Bogard alleged an injury either late evening on October 6 or early morning on October 7, 2021, when iron and metal fell out of a box onto her foot and ankle. In her incident report, she wrote that she "[p]icked up a package and metal fell on [her] left foot."

Similarly, she reported to the onsite provider that she "lifted up a package that had 8 metal parts inside, and they all fell out and struck her L ankle." An exam showed tenderness across her "anterior L ankle and lateral ankle." She attended two appointments with the provider, and at her final visit four days later, she denied any pain or the need for further treatment.

Ten months later, Ms. Bogard visited an urgent care clinic with *right* ankle pain after "she picked up a box and metal fell onto the foot right / ankle." The date of injury is listed as March 10, 2022. X-rays of her right foot and ankle showed some soft tissue swelling but were otherwise negative, and the provider ordered physical therapy. Notes from her next visit say that "the WC lady states that she probably needs an MRI because the DOI is really October of 2021." But this record and subsequent records continue to list the date of injury as March 10, 2022.

Seven months after that, Ms. Bogard saw a new doctor with complaints of right foot pain. She stated she had been experiencing this pain for about eighteen months, since an "injury in which she dropped heavy object onto R foot at work in October of 2021." An x-ray showed no acute fracture or osseous abnormalities, and she was prescribed medication and home exercises.

Ms. Bogard testified that she actually injured her right foot instead of her left foot as reported in the injury statement and medical records. She explained that she was emotional at the time of the original injury statement and made a mistake in writing "left foot." She also testified she gave an amended injury statement to her manager listing her right ankle as the affected body part, but he never gave her a copy despite multiple requests. Further, she testified that the onsite provider was incorrect and actually treated her right foot and ankle. She also disputed that she had denied needing further treatment and said she requested a panel for her right ankle.

## Findings of Fact and Conclusions of Law

Ms. Bogard must present sufficient evidence to show she is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2022).

To prevail, Ms. Bogard must first show that her injury arose primarily out of and in the course and scope of employment. To do so, she must prove a work-related incident or set of incidents to her *right* foot and ankle identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(12)(A). She has not done so.

Although Ms. Bogard is adamant she injured her *right* foot and ankle on or about October 7, the Court does not find her testimony consistent with the evidence presented. When she testified that she rewrote her October 6 statement, the Court did not find this testimony credible. Her testimony seemed defensive with unreasonable explanations. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014) (discussing indicia of witness credibility). Further, her testimony that the October 7 records from the onsite provider are incorrect was not credible. She visited the onsite provider three separate times, and only her left foot is referenced.

Additionally, it was not until August 2022 that Ms. Bogard registered complaints of a right foot and ankle injury. No medical evidence links this right ankle injury to her initial workplace injury, nor did she present evidence as to why she waited ten months to seek treatment for her right ankle injury.

Therefore, the Court holds Ms. Bogard is not likely to prevail at a hearing on the merits that she is entitled to benefits for her right foot and ankle.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Bogard's request for medical and temporary disability benefits is denied.

2. The Court sets **a status conference on April 24, 2023, at 11:30 a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED April 3, 2023.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. First Report of Injury
2. White Sheet with Details of Injury
3. Employee Injury Statement
4. On-Site Injury Prevention Records
5. Concentra Records from August 15, 2022, and August 19, 2022
6. Concentra Records from August 15, 2022 through September 09, 2022
7. Dr. Libby Medical Record from March 20, 2023

1. Statement from Ms. Bogard's Sister (*for identification only*)

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request, along with Affidavit of Janice Bogard, filed December 27, 2022
4. Order on Status Hearing, dated February 8, 2023
5. Employer's Expedited Hearing Statement
6. Employer's List of Witnesses
7. Employer's Exhibit List
8. Subsequent Injury Fund's Pre-Expedited Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent as indicated on April 3, 2023.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|------|----------------|-----------|-----------|------------------|
| Janice Bogard, Employee | | X | X | 3325 Wood Plank Road Apt 101 Memphis, TN 38119 janicebogard50@gmail.com |
| Salwa Bahhur, Employer's Attorney | | | X | salwa@swlawpllc.com |
| Timothy Kellum, Subsequent Injury Fund Attorney | | | X | timothy.kellum@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*